Shenandoah Company v. Commissioner.
Shenandoah Co. v. Commissioner
Docket No. 109231.
United States Tax Court
1943 Tax Ct. Memo LEXIS 505; 1 T.C.M. (CCH) 430; T.C.M. (RIA) 43028; January 16, 1943
*505 Douglas D. Felix, Esq., for the petitioner. F. L. Van Haafton, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: Respondent determined a deficiency against petitioner in income tax of $2,247.06 for the fiscal year ending June 30, 1938. The issue presented is the correctness of respondent's computation of surtax on undistributed profits. [The Facts] The pertinent facts are formally stipulated and are included by reference as our findings of fact. The petitioner is a Florida corporation organized July 2, 1935, since which time it has been engaged in the real estate business with its office in Miami, Florida. It filed its returns for the years here involved with the collector for the District of Florida. Shortly after its organization petitioner acquired a tract of land which it subdivided and proceeded to sell in building lots. Many of these sales were made on the deferred payment plan. In some cases mortgages were taken back and in others, title was retained as security. In a few cases, sales and conveyances were made with the unpaid balance merely evidenced by promissory notes. Petitioner was on the accrual basis of accounting. All of these obligations were *506 carried on its books as receivables and would have been taxable income in the year of sale except for the fact that petitioner availed itself of the option granted by section 44 of the Revenue Act of 1936 to defer the tax thereon by reporting them on the installment basis. During the fiscal year 1936, petitioner had net taxable income of $4,113.13. It sold lots on the installment plan, realizing profits of $15,006.76 which were taxable in future years when collected. During the fiscal year 1937, it had taxable net income of $38,264.87 and made similar sales with profits of the same character in the sum of $28,790.26. Its taxable income for this latter year included $8,482.26 representing collections of the profits upon sales of the preceding year. During the fiscal year 1938, petitioner had taxable net income of $21,379.98 which included $4,771.45 in profits collected on sales made in 1936 and $13,855.40 from sales made in 1937. On June 1, 1937, petitioner declared a dividend of $1,500 per share upon its 50 shares of outstanding stock, payable in promissory notes, due on or before two years from date, with interest at 7 per cent. On the same date these notes were issued and delivered *507 to the stockholders in a total amount of $75,000 and were worth their face value on that date. The "adjusted net income" of petitioner, as defined in section 14 of the Revenue Act of 1936 for the purposes of computing surtax on undistributed profits, was $32,265.59 for the fiscal year 1937 and $18,688.48, for the fiscal year 1938. [Opinion] The parties are in full agreement as to the basic facts and figures. Their dispute is as to the computation of surplus available as of the close of the fiscal year 1937 for the payment of dividends. Respondent has computed this as the sum of the taxable income of petitioner for 1936 and 1937 less income and excess-profits taxes. Petitioner's computation includes the uncollected profits of $34,968.33 on sales made in those years and entered as receivables upon its books, the tax upon which, under its election, had been deferred to the year of collection. Respondent thus computes surplus available for dividends at the close of 1937 as $35,813.17 and petitioner, a surplus of $70,781.50. Respondent does not dispute the fact that the distribution of $75,000 in June 1937 by petitioner was a bona fide dividend, legally payable under the laws *508 of Florida and to be recognized as such in its face value under section 27(d) of the Revenue Act of 1936. He contends, however, that only $35,813.17 represented surplus and that the payment of the balance exceeding this amount effected a deficit in surplus and constituted a distribution of capital, not taxable in the hands of stockholders, and, consequently, excludable by section 27(h) computing the dividends paid credit in ascertaining the surtax on undistributed profits. Petitioner insists that, being on the accrual basis, its receivables represented by payments to be made on installment sales of real estate are accruable in the year of sale just as any other receivable and are income for purposes of computing surplus. It argues that this is in no wise changed by the fact that a special provision of the taxing act postpones its liability for income tax thereon to a future year. Respondent's computation results in a dividends paid credit of $3,547.58 for 1938 while petitioner's results in a credit of $38,515.91, an amount in excess of its adjusted net income. The rule is that corporate profits subject to distribution in dividends do not consist merely of accumulations of surplus *509 which have been included theretofore in taxable income. In F. J. Young Corporation, 35 B.T.A. 860, we held that the gain resulting to a corporation from a nontaxable exchange in a reorganization, although not recognized for tax purposes, constituted profits subject to distribution as dividends. To similar effect are the decisions in Susan T. Freshman, 33 B.T.A. 394; Robert R. McCormick, Executor, 33 B.T.A. 1046; W. S. Farish & Co., 38 B.T.A. 150; affd., 104 Fed. (2d) 833; and Ida I. McKinney, 32 B.T.A. 450. In Commissioner v. F. J. Young Corporation, 103 Fed. (2d) 137, in affirming our decision in F. J. Young Corporation, supra, the court said: (2) Section 115 (a) is simply a definition of the word "dividend" and merely distinguishes between a distribution out of "earnings and profits" and a distribution out of capital. The words "earnings or profits", as therein used, are words in common use, and "are to be given their natural, plain, ordinary, and commonly understood *510 meaning". 59 C.J. p. 975, section 577; Miller v. Robertson, 266 U.S. 243; 45 S. Ct. 73, 69 L. Ed. 265; DeGanay v. Lederer, 250 U.S. 376, 39 S. Ct. 524, 63 L. Ed. 1042; Lake County v. Rollins, 130 U.S. 662, 9 S. Ct. 651, 32 L. Ed. 1060. If Congress had intended to limit the meaning of the word "dividend" to a distribution out of "recognized" gains or out of taxable income, it would expressly have indicated that fact. Applying the above rule, we hold that the distribution of $75,000 by petitioner in 1937 was a dividend paid from accumulated profits. It necessarily follows that this dividend must be recognized in its full amount in computing, under section 27(b)(2) [1] of the Revenue Act of 1936, petitioner's dividend carry-over from the year 1937 in determining its undistributed net income for 1938 under section 14(a)(2) [2] of the Revenue Act of 1936. Since this dividend exceeds the net income for 1937 by an amount in excess of petitioner's stipulated adjusted net income for 1938, the result *511 of the computation is that there is no undistributed net income subject to tax and petitioner must be sustained. Our holding upon this issue makes it unnecessary to consider petitioner's alternative position that if the distribution of $75,000 in 1937 was only in part from accumulated profits then it would have an impairment of capital and would be entitled to a deficit credit to that extent under section 501(a)(3) of the Revenue Act of 1942, amending *512 retroactively section 26 of the Revenue Act of 1936. Because the determination of the deficiency by respondent includes certain adjustments not here in issue. Decision will be entered under Rule 50. Footnotes
1. SEC. 27. - CORPORATION CREDIT FOR DIVIDENDS PAID (b) Dividend Carry-Over. - In computing the dividends paid credit for any taxable year, if the dividends paid during the taxable year are less than the adjusted net income, there shall be allowed as part of the dividends paid credit, and in the following order: (2) Dividends paid during the first preceding taxable year in excess of the adjusted net income for such year. ↩
2. SEC. 14. - SURTAX ON UNDISTRIBUTED PROFITS (a) Definitions. - As used in this title - (2) The term "undistributed net income" means the adjusted net income minus the sum of the dividends paid credit provided in section 27 and the credit provided in section 26 (c), relating to contracts restricting dividends.↩